UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JAMIE DEWAYNE HAYNES** | **CIVIL ACTION NO. 21-3830** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **JERRY GOODWIN** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Petitioner Jamie Dewayne Haynes, an inmate in the custody of Louisiana's Department of Corrections, filed this counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on approximately November 1, 2021. [doc. # 1]. He attacks his first-degree robbery conviction and his resulting forty-year sentence imposed by the Fourth Judicial District Court, Ouachita Parish.[1]

Respondent, Warden Jerry Goodwin, moves to dismiss Petitioner's only habeas corpus claim, arguing that Petitioner failed to exhaust his state court remedies. [doc. # 8]. Petitioner opposes the motion, arguing that his counsel's mistake excuses the failure to exhaust. [doc. # 10]. For reasons below, the Court should grant Respondent's motion, [doc. # 8], and dismiss Petitioner's Petition for Writ of Habeas Corpus.

### Background

On March 30, 2017, a jury convicted Petitioner of first-degree robbery. [doc. # 1, p. 1]. The same day, the judge sentenced Petitioner to forty years of imprisonment. *Id.*

Petitioner appealed his conviction and sentence to the Louisiana Second Circuit Court of

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

Appeal, claiming (1) that the evidence against him was insufficient to sustain his conviction and (2) "timeliness of amended bill of information and excessive sentence[.] [sic]." *Id.* at 2; *State v. Haynes*, 52,331 (La. App. 2 Cir. 11/14/18), *writ denied,* 2018-2081 (La. 6/3/19). On November 14, 2018, the appellate court affirmed Petitioner's conviction and sentence. *Id.* The Supreme Court of Louisiana denied Petitioner's subsequent Application for Writ of Certiorari on June 3, 2019. [doc. # 1, p. 3]; *State v. Haynes*, 2018-2081 (La. 6/3/19). Petitioner did not apply for certiorari before the United States Supreme Court. [doc. # 1, p. 3].

On January 14, 2021, Petitioner filed an application for post-conviction relief before the trial court, claiming that his counsel rendered ineffective assistance "in failing to explain [the] consequences of [a] plea bargain offer[.]" *Id.* The court denied Petitioner's application on March 18, 2021. *Id.* at 4. On May 13, 2021, the Second Circuit Court of Appeal denied Petitioner's application for supervisory review. *Id.* at 6. On October 12, 2021, the Supreme Court of Louisiana declined to consider Petitioner's application for supervisory writ, opining: "Not timely filed. See Louisiana Supreme Court Rule X, § 5(a)." *State v. Haynes*, 2021-00845, 325 So. 3d 1068 (La. 10/12/21).

Here, Petitioner claims that his counsel rendered ineffective assistance "at the plea bargaining stage of the proceedings[.]" [doc. # 1, p. 5].

## Law and Analysis

The Court cannot consider Petitioner's claim because he failed to properly present it to the Supreme Court of the State of Louisiana for review prior to filing the instant Petition. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A). The Fifth Circuit

explained exhaustion as follows:

> The exhaustion requirement is satisfied when the substance of the federal claim is fairly presented to the highest state court on direct appeal or in state post-conviction proceedings, even if the state court fails to address the federal claim, or, if the federal claim is not fairly presented but the state court addresses it *sua sponte*. A claim is fairly presented when the petitioner asserts the claim in terms so particular as to call to mind a specific right protected by the Constitution or alleges a pattern of facts that is well within the mainstream of constitutional litigation. It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made. Rather, the petitioner must afford the state court a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.

*Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013) (internal quotations marks and citations omitted). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This means that a petitioner must present his claims to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Here, when Petitioner attempted to present his claim to the Louisiana Supreme Court on collateral review, the court found the claim untimely under LA. SUP. CT. R. X § 5.[2] *State v. Haynes*, 2021-00845, 325 So. 3d 1068 (La. 10/12/21). As he did not properly present his claim to the State's highest court, the claim remains unexhausted. *See Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988) (observing that to give a state court "a fair opportunity" to review a claim,

---

[2] Louisiana Supreme Court Rule X § 5(a) provides, "An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs (but not when the court has merely granted an application for purposes of further consideration), or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal; however, if a timely application for rehearing has been filed in the court of appeal in those instances where a rehearing is allowed, the application shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing. No extension of time therefor will be granted."

3

the petitioner must present his claims in a "procedurally proper manner according to the rules of the state courts."); *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that when a petitioner has raised a claim in a procedural context "in which its merits will not be considered," he has not "fairly presented" the claim to the state courts and, accordingly, has not satisfied the exhaustion doctrine).

However, "[a] habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).

Here, because LA. SUP. CT. R. X § 5 would prevent Petitioner from returning to the Louisiana Supreme Court and exhausting his claim, his claim is "technically" exhausted.[3] *See Johnson v. Deville*, 2010 WL 2628640, at *6 (M.D. La. May 4, 2010), report and recommendation adopted, 2010 WL 2640166 (M.D. La. June 28, 2010) (reasoning that the Louisiana Supreme Court would not allow a petitioner to resurrect claims that he failed to timely present before because doing so "would constitute an extension of" the time limits in LA. SUP. CT. R. X § 5, and LA. SUP. CT. R. X § 5 expressly provides that "[n]o extension of time therefor will be granted.").

When a petitioner's claims are technically exhausted because "he allowed his state law

---

[3] Moreover, Petitioner could not return to the trial court and pursue another round of post-conviction review because, under LA. CODE CRIM. PROC. art. 930.4(D), "A successive application shall be dismissed if it fails to raise a new or different claim." Also, under LA. CODE CRIM. PROC. art. 930.4(C), "If the application alleges a claim which the petitioner raised in the trial court and inexcusably failed to pursue on appeal, the court shall deny relief." Likewise, he could not return and pursue a direct appeal because, under LA. CODE CRIM. PROC. art. 914(B), "The motion for an appeal must be made no later than: (1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken." *See also* LA. CODE. CRIM. PROC. art. 930.8 ("No application for post-conviction relief . . . shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final . . . .").

remedies to lapse[,] . . . there is no substantial difference between nonexhaustion and procedural default." *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998); *see Bledsue v. Johnson*, 188 F.3d 250, 254 (5th Cir. 1999) ("Procedural default exists where . . . the petitioner fails to exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred."). Here, while technically exhausted, Petitioner's claim is procedurally barred.

A petitioner may be excepted from the procedural default rule if he can show cause for his default and "prejudice attributed thereto," or if he can demonstrate that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997).

To establish cause for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "The mere fact that a petitioner failed to recognize the factual or legal basis for a claim, or failed to raise the claim or objection despite recognizing it, does not constitute cause for a procedural default." *Id.* at 486.

Here, Petitioner suggests that his counsel's mistake serves as cause for his procedural default. [doc. # 10, p. 2]. The Second Circuit Court of Appeal denied Petitioner's application for supervisory review on May 13, 2021. Petitioner's counsel then "filed a Writ Application by U.S. Mail on June 16, 2021 . . . ." *Id.* Petitioner concedes that his Writ Application was three days late, but he argues that the "3-day mistake is the ministerial/clerical fault of counsel's office in logging a 'received' notice of decision versus a decision date and should not be held against Petitioner." *Id.*

5

Petitioner does not establish cause. "[An attorney's negligence in a postconviction proceeding does not establish cause[.]" *Martinez v. Ryan*, 132 S. Ct. 1309, 1319 (2012). A petitioner must ordinarily "bear the risk of attorney error that results in a procedural default." *Coleman,* 501 U.S. at 752. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488.

Ineffective assistance of counsel—as opposed to mere negligence—may serve as cause for a procedural default because in that scenario the default is imputed, not to counsel, but "to the State . . . ." *Id.* "So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington, supra,* [there is] no inequity in requiring him to bear the risk of attorney error that results in a procedural default." *Id.* That said, "There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman,* 501 U.S. at 752, *holding modified by Martinez v. Ryan*, 566 U.S. 1 (2012) (citations omitted).[4]

In *Coleman*, the petitioner contended "that it was his attorney's error that led to the late filing of his state habeas appeal." *Id.* The Court held, "This error cannot be constitutionally ineffective; therefore Coleman must 'bear the risk of attorney error that results in a procedural default.'" *Id.* at 752-53. "In the absence of a constitutional violation, the petitioner bears the risk in federal habeas for all attorney errors made in the course of the representation . . . ." *Id.* at 754.

---

[4] In Louisiana, the "right to counsel [on appeal] is limited to the first appeal as of right . . . ." *State v. Thomas*, 750 So. 2d 1114, 99-1658 (La. App. 4 Cir. 12/22/99), *writ denied,* 2000-2503 (La. 8/31/01).

Out of caution, the undersigned notes one inapplicable exception to the rule above that a petitioner cannot claim constitutionally ineffective assistance of counsel in post-conviction proceedings. In *Trevino v. Thaler*, 569 U.S. 413, 423 (2013) (*quoting Martinez*, 132 S. Ct. at 1318-19), the Supreme Court opined, "We consequently read *Coleman* as containing an exception, allowing a federal habeas court to find 'cause,' thereby excusing a defendant's procedural default, where (1) the claim of 'ineffective assistance of trial counsel' was a 'substantial' claim; (2) the 'cause' consisted of there being 'no counsel' or only 'ineffective' counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the 'initial' review proceeding in respect to the 'ineffective-assistance-of-trial-counsel claim'; and (4) state law *requires* that an 'ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding.'"

As to the third prong above, the exception "does not concern attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Martinez*, 132 S. Ct. at 1320. "It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons." *Id.*

Here, Petitioner maintains that counsel mistakenly missed the deadline to file before the Louisiana Supreme Court. The proceeding before the Louisiana Supreme Court was not the "initial review proceeding" of post-conviction review; rather, the "initial review proceeding" was

7

the proceeding before the trial court to adjudicate Petitioner's initial application for post-conviction relief. Thus, the exception above does not apply here.[5]

Having failed to show an objective cause for his default, the Court need not determine whether prejudice exists. *See Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) ("The failure to show 'cause' is fatal to the invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown."). In addition, Petitioner does not offer any argument concerning prejudice.

Thus, Petitioner's claim is procedurally barred from review absent a showing that a fundamental miscarriage of justice will occur if the Court does not review the merits of the claim. To establish a fundamental miscarriage of justice, Petitioner must provide evidence that would support a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). Petitioner must show that "but for constitutional error, no reasonable fact-finder would have found [him] guilty of the underlying offense." *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

---

[5] *See id.* ("*Coleman,* however, did not present the occasion to apply this principle to determine whether attorney errors in initial-review collateral proceedings may qualify as cause for a procedural default. The alleged failure of counsel in *Coleman* was on appeal from an initial-review collateral proceeding, and in that proceeding the prisoner's claims had been addressed by the state habeas trial court.").

Here, Petitioner presents no new evidence and does not argue that a fundamental miscarriage of justice will occur if the Court does not review his claim. Moreover, his claim is not predicated on his innocence. Accordingly, his claim should be denied because he failed to exhaust his state court remedies and, although now technically exhausted, the claim is procedurally defaulted.

## Conclusion

For the reasons above, **IT IS RECOMMENDED** that Respondent's motion, [doc. # 8], be **GRANTED** and that Petitioner Jamie Dewayne Haynes's Petition for Writ of Habeas Corpus, [doc. # 1], be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED. R. CIV. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of

appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

    In Chambers, Monroe, Louisiana, this 24th day of January, 2022.

                                                                         Kayla Dye McClusky
                                                                         United States Magistrate Judge